UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>GR INVESTMENTS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1959 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Terra Bella Owners Association, Inc.'s (the "HOA") motion to dismiss. (ECF No. 35). Defendants/counter claimants/cross claimants Silverstone, LLC ("Silverstone") and GR Investments, LLC ("GR Investments") and plaintiff/counter defendant Bank of New York Mellon ("BNYM") filed responses (ECF Nos. 37, 38), to which the HOA replied (ECF Nos. 39, 43).

Also before the court is Silverstone and GR Investments' motion for summary judgment. (ECF No. 40). The HOA joined (ECF No. 41) and BNYM filed a response (ECF No. 45), to which Silverstone and GR Investments replied (ECF No. 48).

Also before the court is BNYM's motion for summary judgment. (ECF No. 42). Silverstone and GR Investments and the HOA filed responses (ECF Nos. 44, 46), to which BNYM replied (ECF No. 47).

**I. Facts**

This case involves a dispute over real property located at 7509 Royal Crystal St., Las Vegas, Nevada 89149 (the "property").

On December 19, 2005, Arthur and Liwliwa Olivares (the "borrowers") obtained a loan in the amount of $511,600.00 from Loan Link Financial Services ("Loan Link") to purchase the

**James C. Mahan**
**U.S. District Judge**

property, which was secured by a deed of trust recorded on January 4, 2006. (ECF No. 1). BNYM holds the note and the first deed of trust. *Id.*

On November 2, 2010, Hampton & Hampton, P.C. ("the "HOA agent"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien on the property. (ECF No. 1). On December 6, 2010, the HOA agent, acting on behalf of the HOA, recorded a notice of default and election to sell real property to satisfy delinquent assessment lien against the property. *Id.*

On July 3, 2012, the HOA agent, on behalf of the HOA, recorded a notice of trustee's sale. (ECF No. 1). On August 17, 2012, the HOA agent, on behalf of the HOA, sold the property at a foreclosure sale. *Id.* GR Investments purchased the property for $8,300.00. *Id.* On September 7, 2012, a trustee's deed upon sale was recorded. *Id.*

BNYM alleges that the fair market value of the property on the date of the foreclosure sale was at least $300,000.00, and likely higher. (ECF No. 1).

On June 15, 2016, a quitclaim deed transferring all right, title, interest, and claim of GR Investments in the property to Silverstone was recorded. (ECF No. 40).

On August 17, 2016, BNYM filed a complaint (ECF No. 1), which was later amended on March 3, 2017 (ECF No. 15). In the amended complaint, BNYM alleges four claims for relief: (1) quiet title/declaratory relief against the HOA, GR Investments, and Silverstone; (2) permanent and preliminary injunction against GR Investments and Silverstone; (3) unjust enrichment against the HOA, GR Investments, and Silverstone; and (4) conversion against the HOA. *Id.*

On March 17, 2016, GR Investments and Silverstone filed a crossclaim against Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Loan Link, and the borrowers and a counterclaim against BNYM alleging a claim for quiet title/declaratory relief. (ECF No. 17).

In the instant motions, the HOA moves to dismiss BNYM's amended complaint (ECF No. 35), GR Investments and Silverstone move for summary judgment against BNYM (ECF No. 40), and BNYM moves for summary judgment on its claim for quiet title/declaratory relief (ECF No. 42). The court will address these motions as it sees fit.

## II. Legal Standards

### A. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

James C. Mahan
U.S. District Judge

- 3 -

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**B. Summary Judgment**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

James C. Mahan
U.S. District Judge

- 4 -

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

    **A. The HOA's motion to dismiss** (ECF No. 35)

        *1. Statute of Limitations*

In the instant motion, the HOA argues that BNYM's claims are time-barred by the statute of limitation. (ECF No. 35). In particular, the HOA asserts that BNYM's claims are subject to a three (3) year statute of limitations period, which began to accrue on the date of the foreclosure sale (August 17, 2012). (ECF No. 35 at 7). The HOA thus maintains that BNYM's claims against the HOA should have been filed at the latest by August 17, 2015. *Id.* The court disagrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

In the present case, the allegations set forth in the complaint are sufficient to create a question of fact regarding whether BNYM's claims began to accrue on the date of the foreclosure sale (August 17, 2012). However, BNYM knew or should have known of the facts constituting the elements of their causes of action on or before September 7, 2012, the date the trustee's deed in favor of the GR Investments was recorded.

Further, a three-year statute of limitations period applies to one,[1] but not all, of BNYM's claims. A four-year statute of limitations period applies to BNYM's unjust enrichment claim. *See In re Amerco*, 252 P.3d at 703 (citing Nev. Rev. Stat. § 11.190(2)(c)). A five-year statute of limitations period applies to BNYM's quiet title claim. *See* Nev. Rev. Stat. § 11.070.

As BNYM filed the instant action on August 17, 2016 (ECF No. 1), BNYM's claim for conversion is time-barred by the statute of limitations, as it was not filed within three years of September 7, 2012. However, BNYM's quiet title and unjust enrichments claims were timely filed within the respective five-year and four-year applicable statutes of limitations.

As BNYM's claim for conversion is time-barred by the statute of limitations, the court need only address the remainder of the HOA's arguments as they relate to plaintiffs' quiet title/declaratory relief, preliminary and permanent injunction, and unjust enrichment claims.

### *2. Quiet Title/Declaratory Relief*

The HOA contends that it does not have an adverse position to BNYM in regards to BNYM's claim for quiet tile/declaratory relief. (ECF No. 35). The HOA argues that because it

---

[1] The statute of limitations is three years for conversion claims. *See* Nev. Rev. Stat. § 11.190(3)(c).

does not claim title to the property, dismissal of the HOA is proper. *Id.* In response, BNYM argues that the HOA is a necessary party and should not be dismissed. (ECF No. 44). The court agrees.

Under rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is appropriate when the holder of the prior deed of trust seeks a declaration that the deed of trust survived foreclosure sale. *See, e.g.*, *Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2015 WL 2019067, at *1 (D. Nev. May 1, 2015). In contrast, this court has also held that dismissal is inappropriate in these circumstances when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016). Therefore, the nature of the remedy sought dictates the necessary parties.

In addition, this court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, the HOA is, at this point in the present litigation, a necessary party and will not be dismissed.

### 3. *Permanent and preliminary injunction*

BNYM requests that GR Investments and Silverstone be permanently and preliminarily enjoined from any sale or transfer that would affect BNYM's title to the property. (ECF No. 15).

Claim (2) of BNYM's amended complaint will be dismissed without prejudice as the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

### *4. Unjust Enrichment*

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995).

To state a valid claim for unjust enrichment, a plaintiff must allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant appreciated such benefit; and (3) defendant accepted and retained the benefit. *Id.* (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)).

BNYM failed to sufficiently allege that it conferred a benefit on the HOA or that the HOA appreciated such benefit. Instead, the complaint merely sets forth conclusory allegations, without sufficient facts in support thereof, that the HOA benefited from the foreclosure sale and BNYM's property-related payments. (ECF No. 15). Thus, the court will grant the HOA's motion to dismiss as to the unjust enrichment claim.

**B. Motions for summary judgment** (ECF Nos. 40, 42)

As the court has dismissed BNYM's claims for permanent and preliminary injunction, unjust enrichment, and conversion, the court will only address BNYM and GR Investments and Silverstone's motions for summary judgment as to BNYM's claim for quiet title/declaratory relief.

GR Investments and Silverstone argue that summary judgment in their favor is proper on their quiet title claim against BNYM, MERS, and the borrowers because the foreclosure sale

extinguished the first deed of trust pursuant to NRS 116.3116(2). (ECF No. 40). GR Investments and Silverstone argue that the Ninth Circuit's interpretation of NRS 116 in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) *cert. denied*, No. 16-1208, 2017 WL 1300233 (U.S. June 26, 2017) ("*Bourne* Valley") has been superseded by Nevada Supreme Court rulings, and is thus not binding authority. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017); *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 P.3d 641 (Nev. 2017) ("*Shadow Canyon*"). (ECF No. 40). Further, GR Investments and Silverstone assert that BNYM failed to protect its interest despite receiving notice. (ECF No. 40). GR Investments and Silverstone also contend that the recorded foreclosure deed provides conclusive effect regarding the statutory prerequisites to a valid HOA lien foreclosure sale. *Id.*

In response, BNYM argues that the court should grant summary judgment in its favor because pursuant to *Bourne Valley*, NRS 116 is facially unconstitutional and the foreclosure sale was thus invalid. (ECF No. 42). Accordingly, BNYM argues that its deed of trust survived the foreclosure sale. *Id.* Further, BNYM contends that the HOA failed to comply with the statutory requirements under NRS 116 and that the sale was conducted in a commercially unreasonable manner, particularly that the sale price was grossly inadequate. *Id.*

### a. Nev. Rev. Stat. § 116.31166[2]

GR Investments and Silverstone assert that their submission of a foreclosure deed issued pursuant to NRS 116.31164, which recites compliance with the notice provisions of NRS 116.31162 through NRS 116.31168, shifts the burden to BNYM to invalidate the foreclosure and the foreclosure deed conveying title to GR Investments with evidence of fraud, unfairness, or oppression. (ECF No. 40).

Section 116.3116(1) of the Nevada Revised Statutes gives an HOA a lien on its homeowners' residences for unpaid assessments and fines; moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as

---

[2] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

"[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale,

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[3] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and

---

[3] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.
>
> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

1  give context to NRS 116.31166." *Shadow Wood Homeowners Assoc., Inc.*, 366 P.3d at 1110. Nevertheless, courts retain the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Here, GR Investments and Silverstone have provided the recorded trustee's deed upon sale, the recorded notice of delinquent assessment, the recorded notice of default and election to sell, and the recorded notice of trustee's sale. (ECF No. 40). Pursuant to NRS 116.31166, these recitals in the recorded foreclosure deed are conclusive to the extent that they implicate compliance with NRS 116.31162 through NRS 116.31164, which provide the statutory prerequisites of a valid foreclosure. *See id.* at 1112 ("[T]he recitals made conclusive by operation of NRS 116.31166 implicate compliance only with the statutory prerequisites to foreclosure."). Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale is valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

Nonetheless, BNYM argues that the HOA failed to send notices of default and sale to all record lienholders by certified mail as required under NRS 116.31162. (ECF No. 42). BNYM alleges that the HOA failed to send notices of default and sale by certified mail to MERS, as beneficiary under the deed of trust. *Id.* However, this argument fails because the version of NRS 116.31162 in effect at the times relevant to these notices does not require notices be mailed by certified mail. More specifically, it merely required a copy of a notice of default or notice of sale to be mailed "by first-class mail." Nev. Rev. Stat. §§ 116.311623 and 116.3116235 (eff. 2012). The HOA complied with the statutory requirements in place at the time the notices were issued in 2012. Furthermore, it is undisputed that BNYM itself had actual notice of the foreclosure proceedings. (ECF No. 44).

Importantly, while NRS 116.3116 accords certain deed recitals conclusive effect—*e.g.*, default, notice, and publication of the notice of sale—it does not conclusively, as a matter of law, entitle GR Investments and Silverstone to success on their quiet title claim, as BNYM correctly argues in its response (ECF No. 45). *See Shadow Wood Homeowners Assoc., Inc.*, 366 P.3d at 1112 (rejecting contention that NRS 116.31166 defeats, as a matter of law, action to quiet title). Thus, the question remains whether BNYM demonstrated sufficient grounds to justify setting aside

- 11 -

the foreclosure sale. *See id.* "When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Id.*

### b. Commercial Reasonability

BNYM contends that judgment in its favor is appropriate because the sale of the property for 3.5% of its fair market value ($245,000) is grossly inadequate as a matter of law. (ECF No. 42). However, BNYM overlooks the reality of the foreclosure process. The amount of the lien—not the fair market value of the property—is what typically sets the sales price. BNYM also contends it can establish evidence of fraud, unfairness, or oppression. *Id.*

NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *see also SFR Investments*, 334 P.3d at 410. Numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[4]

The Nevada Supreme Court has held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016); *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016); *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 P.3d 641 (Nev. 2017). In other

---

[4] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

words, "demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id*. at 1112; *see also Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) ("Mere inadequacy of price is not sufficient to justify setting aside a foreclosure sale, absent a showing of fraud, unfairness or oppression." (citing *Golden v. Tomiyasu*, 387 P.2d 989, 995 (Nev. 1963) (stating that, while a power-of-sale foreclosure may not be set aside for mere inadequacy of price, it may be if the price is grossly inadequate and there is "in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price" (internal quotation omitted)))).

Because Nevada courts have not adopted the Restatement's 20% threshold test for adequacy of price, the *Long* test, which cites to *Golden v. Tomiyasu* and requires a showing of fraud, unfairness, or oppression in addition to a grossly inadequate sale price to set aside a foreclosure sale, controls. *See* 639 P.2d at 530.

Nevada has not clearly defined what constitutes "unfairness" in determining commercial reasonableness. The few Nevada cases that have discussed commercial reasonableness state, "every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable." *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 920 (Nev. 1977). This includes "quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance." *Dennison v. Allen Grp. Leasing Corp.*, 871 P.2d 288, 291 (Nev. 1994) (citing *Savage Constr. v. Challenge–Cook*, 714 P.2d 573, 574 (Nev. 1986)).

Nevertheless, BNYM fails to set forth sufficient evidence to show fraud, unfairness, or oppression so as to justify setting aside the foreclosure sale. BNYM relies on the mortgage protection clause contained within the CC&Rs as its primary evidence of unfairness. (ECF No. 60). BNYM cites to this court's decision in *ZYZZX2 v. Dizon*, No. 2:13-cv-01307-JCM-PAL, 2016 WL 1181666 (D. Nev. Mar. 25, 2016), to support its argument.

This court has previously distinguished *ZYZZX2 v. Dizon*, from facts closely similar to those presented here. (ECF No. 42); *see also Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) (discussing

- 13 -

the legal impact of NRS 116.1104 on declarations regarding lien priority made in CC&Rs and noting that the HOA in *ZYZZX2* also sent out misleading mailings).

This court's decision in *ZYZZX2* was rendered in light of the combination of a mortgage protection clause and an HOA's misleading mailings. *See ZYZZX2*, 2016 WL 1181666 at *4–5 ("The association sent a letter to Wells Fargo and other interested parties stating that its foreclosure would not affect the senior lender/mortgage holder's lien."). Unlike in *ZYZZX2*, the events surrounding the foreclosure sale here make it clear that BNYM was aware that its interest in the property was at risk. *See id.*; *see also* (ECF Nos. 40, 44).

Moreover, NRS 116.1104 provides that "[e]xcept as expressly provided in this chapter, its provisions may not be varied by agreement, and rights conferred by it may not be waived." Nev. Rev. Stat. § 116.1104; *see also Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) (discussing the reasoning in *ZYZZX2*); *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141, 1168 (D. Nev. 2016) (holding that an HOA's failure to comply with its CC&Rs does not set aside a foreclosure sale, due to NRS 116.1104).

Accordingly, BNYM's commercial reasonability argument fails as a matter of law, as it failed to set forth evidence of fraud, unfairness, or oppression. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 n.2 (Nev. App. Apr. 17, 2017) ("Sale price alone, however, is never enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

### c. Due Process

BNYM argues that the HOA lien statute is facially unconstitutional because it does not mandate notice to deed of trust beneficiaries. (ECF No. 42). BNYM further contends that any factual issues concerning actual notice are irrelevant pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). *Id.*

BNYM has failed to show that *Bourne Valley* is applicable to its case. Despite BNYM's erroneous interpretation to the contrary, *Bourne Valley* did not hold that the entire foreclosure

statute was facially unconstitutional. At issue in *Bourne Valley* was the constitutionality of the "opt-in" provision of NRS Chapter 116, not the statute in its entirety. Specifically, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. As identified in *Bourne Valley*, NRS 116.31163(2)'s "opt-in" provision unconstitutionally shifted the notice burden to holders of the property interest at risk—not NRS Chapter 116 in general. *See id.* at 1158.

Further, the holding in *Bourne Valley* provides little support for BNYM as BNYM's contentions are not predicated on an unconstitutional shift of the notice burden, which required it to "opt in" to receive notice. BNYM does not argue that it lacked notice, actual or otherwise, of the event that affected the deed of trust (*i.e.*, the foreclosure sale), in fact, BNYM does not dispute that it received the foreclosure notices. (ECF No. 40).

Furthermore, BNYM confuses constitutionally mandated notice with the notices required to conduct a valid foreclosure sale. Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

"[T]he Due Process Clause protects only against deprivation of existing interests in life, liberty, or property." *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010); *see also, e.g.*, *Spears v. Spears*, 596 P.2d 210, 212 (Nev. 1979) ("The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity."). To establish a procedural due process claim, a claimant must show "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

BNYM has satisfied the first element as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq.*; *see also Mennonite Bd. of Missions v. Adams*, 462 U.S.

James C. Mahan
U.S. District Judge

- 15 -

791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"). However, BNYM fails on the second prong.

Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, as set forth above, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

Here, adequate notice was given to the interested parties prior to extinguishing a property right. The HOA has provided proof of mailing for the notice of default and the notice of foreclosure sale to BNYM and other interested parties. (ECF No. 40). As a result, the notice of trustee's sale was sufficient notice to cure any constitutional defect inherent in NRS 116.31163(2), as it put BNYM on notice that its interest was subject to pendency of action and offered all of the required information.

### d. Bona Fide Purchaser

Because the court has concluded that BNYM failed to properly raise any equitable challenges to the foreclosure sale, the court need not address BNYM's argument that SFR was not a bona fide purchaser for value. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. App. Apr. 17, 2017) (citing *Shadow Wood,* 366 P.3d at 1114).

### IV. Conclusion

Based on the foregoing, the court will deny the HOA's motion to dismiss as it relates to BNYM's quiet title/declaratory relief claim, but will grant the motion as it relates to BNYM's claims for conversion and unjust enrichment as these claims are time-barred and insufficiently pled, respectively. Additionally, the court will deny BNYM's claim for injunctive relief, as injunctive relief standing alone is not a cause of action.

Moreover, GR Investments and Silverstone have sufficiently shown that they are entitled to summary judgment (ECF No. 40) on their quiet title and declaratory relief claims against BNYM, MERS, and the borrowers. Pursuant to *SFR Investments*, NRS Chapter 116, and the

| | |
|---|---|
| 1 | trustee's deed upon sale, the foreclosure sale extinguished the deed of trust.  BNYM has failed to |
| 2 | raise any genuine issues to preclude summary judgment in GR Investments and Silverstone's |
| 3 | favor.  Therefore, the court will grant GR Investments and Silverstone's motion for summary |
| 4 | judgment (ECF No. 40). |
| 5 | Further, BNYM has failed to set forth a sufficient equitable challenge to the foreclosure |
| 6 | sale.  Therefore, BNYM's motion for summary judgment (ECF No. 42) on its quiet |
| 7 | title/declaratory relief claims against GR Investments, Silverstone, and the HOA will be denied. |
| 8 | Accordingly, |
| 9 | IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to |
| 10 | dismiss (ECF No. 35) be, and the same hereby is, GRANTED in part and DENIED in part. |
| 11 | IT IS FURTHER ORDERED that GR Investments and Silverstone's motion for summary |
| 12 | judgment (ECF No. 40) be, and the same hereby is, GRANTED consistent with the foregoing. |
| 13 | IT IS FURTHER ORDERED that BNYM's motion for summary judgment (ECF No. 42) |
| 14 | be, and the same hereby is, DENIED. |
| 15 | The clerk shall enter judgment accordingly and close the case. |
| 16 | DATED May 25, 2018. |

        */s/ James C. Mahan*
        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**